IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDREW BAKER,                      :
                                   :
        Plaintiff,                 :
                                   :
vs.                                :   CIVIL ACTION 16-0198-CG-M
                                   :
CAROLYN W. COLVIN,                 :
Acting Commissioner of Social      :
Security,                          :
                                   :
        Defendant.                 :

REPORT AND RECOMMENDATION

Plaintiff Andrew Baker brings this action pursuant to 42 U.S.C.
§§ 405(g) and 1383(c)(3), seeking judicial review of a final decision
of the Commissioner of Social Security denying his applications for
supplemental security income ("SSI") and child's insurance benefits
("CIB").  This action has been referred to the undersigned for report
and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala.
GenLR 72. The undersigned has determined that oral argument is not
necessary in this action.  (*See* Doc. 3 at 2 *compare* 42 U.S.C. 405(g)
("The court shall have power to enter, upon the pleadings and
transcript of the record, a judgment affirming, modifying, or
reversing the decision of the Commissioner of Social Security . . .").)

Upon consideration of the administrative record ("R.") (Doc.
11), Plaintiff's Brief (Doc. 12), and the Commissioner's Brief (Doc.
15), it is recommended that the Commissioner's decision denying
Plaintiff's benefits be reversed and remanded under sentence four
of 42 U.S.C. § 405(g).

PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and CIB on March 18, 2013 (*see* R. 143-155), alleging a disability onset date of May 25, 1999. (*See* R. 143). His applications were initially denied. (*See* R. 80-84.) Hearings were conducted before Administrative Law Thomas M. Muth II ("the ALJ") on July 11, 2014, and October 10, 2014. (*See* R. 24-55.) On December 24, 2014, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. (R. 7-23.) The Appeals Council issued a decision declining to review the ALJ's determination on March 30, 2016 (*see* R. 1-6), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on May 9, 2016. (*See* Doc. 1.)

FACTUAL BACKGROUND

Plaintiff is a resident of Grove Hill, Alabama, born May 25, 1993. (R. 143.) He was 21 at the time of the hearings before the ALJ. (R. 24, 30, 143.) He completed high school but has no further education or job training. (*See* R. 217-19.) He has no past relevant work. (R. 180-85.) He has not performed substantial gainful activity since the alleged onset date of May 25, 1999. (R. 180-185.) Plaintiff suffers from a number of medical issues, including Prader-Willi syndrome, attention-deficit hyperactivity disorder ("ADHD"), a mood disorder coupled with anxiety, obesity, reflux esophagitis, iron-deficiency anemia, colon inflammation, antral

2

gastritis, and syncope.  (R. 12.)  He has been treated by several physicians, including Elias G. Chalhub, M.D.; and Gary Kania, D.O. (R. 12, 17.)  At the time of his October 10, 2014 hearing, Plaintiff was taking a number of medications, including an inhaler and Trazodone.  (R. 39.)

CLAIMS ON APPEAL

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ committed reversible error by relying upon a non-examining, reviewing medical opinion rather than the opinion of Plaintiff's treating physician to support the residual function capacity (RFC) for Plaintiff in violation of *Dillard v. Astrue*, 834 F. Supp. 2d 1325, 1332 (S.D. Ala. 2011), *citing, in part, Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

2. The ALJ's reasons for rejecting the opinion of Plaintiff's treating physician are not supported by substantial evidence in violation of *Thompson v. Barnhart*, 493 F. Supp. 2d 1206 (S.D. Ala. 2007).

Doc. 12 at 1-2.

STANDARD OF REVIEW

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable

to perform his or her previous work.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id.*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.  *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).  Finally, but importantly, although "the

[plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (*per curiam*) (*citing Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is ***supported by*** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

ANALYSIS

Plaintiff first contends that the ALJ committed reversible error "by relying upon a non-examining, reviewing opinion rather than the opinion of Plaintiff's treating physician to support the [RFC] for Plaintiff in violation of *Dillard v. Astrue*, 834 F. Supp. 2d 1325, 1332 (S.D. Ala. 2011) . . ." (Doc. 12 at 2.)  Plaintiff secondly contends that the ALJ's "reasons for rejecting the opinion of Plaintiff's treating physician are not supported by substantial evidence in violation of *Thompson v. Barnhart*, 493 F. Supp. 2d 1206 (S.D. Ala. 2007)." (*Id.* at 6.)  Because the second assignment of error depends on the ALJ's consideration of the treating physician's opinion, contained in the second assignment of error, the undersigned considers the two assignments in reverse order here.

**I.   The ALJ committed no reversible error in weighing the opinion of the treating physician.**

The ALJ considered the opinion of Plaintiff's treating physician, Elias Chalhub, M.D.[1], who practices at Neurology Child and Adult, P.C. in Mobile, Alabama.  (R. 16–17.)  The opinion of a treating physician, such as Dr. Chalhub, "must be given controlling weight" if his medical opinion is "well-supported and not inconsistent with the other substantial evidence in the case record . . ."  SSR 96–2p, 1996 WL 374188 (July 2, 1996).  The ALJ must weigh all medical

---

[1] The ALJ's opinion refers to a "Dr. Chalhab" (R. 16–17.), but the Neurology Child and Adult, P.C.'s own records refer to "Elias Chalhub." (R. 367.)

opinions before it according to specific factors:

> Unless we [the Social Security Administration] give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we will consider all of the following factors in deciding the weight we give to any medical opinion.
>
> (1)    Examining relationship . . .
>
> (2)    Treatment relationship . . .
>
> (3)    Supportability . . .
>
> (4)    Consistency . . .
>
> (5)    Specialization . . .
>
> (6)    Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion . . .

20 C.F.R. § 404.1527(c).  The ALJ "must clearly articulate the reasons for giving less weight to the opinion of the treating physician, and the failure to do so is reversible error."  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1997).

The opinion of a treating physician "'must be given substantial or considerable weight unless "good cause" is shown to the contrary.'" *Phillips*, 357 F.3d at 1240 *citing Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241.  "When electing to disregard the opinion of a treating

physician, the ALJ must clearly articulate its reasons." *Id.*

In August 2014, Dr. Chalhub answered "no" when asked on an evaluation questionnaire whether the Plaintiff could

> engage in any form of gainful employment on a repetitive, competitive and productive basis over an eight hour work day, forty hours a week, without missing more than 2 days of work per month or experiencing frequent interruptions to his/her work routine due to symptoms of his her disease or medical problems?

(R. 345.)  When asked on the same questionnaire "[t]o what extent will physical activity, such as walking, standing, lifting, bending, stooping, repetitive moving of extremities, etc., increase symptoms experienced by this patient?", Dr. Chalhub selected the response stating that it would "[g]realty increase the patient's symptoms and cause distraction from task or total abandonment of task." (*Id.*)  The records submitted by Neurology Child and Adult included normal MRI and EEG results in December 2000, a normal tilt test in February 2014, and a normal ECG in April 2014.  (R. 262-63; 271-72.)  Dr. Chalhub's case notes included statements that Plaintiff was "doing well" and "is motivated." (R. 247, 249, 274.)

The ALJ accorded "little weight" to Dr. Chalhub's opinion because "the issue of whether a claimant is able to work is a determination reserved for the Commissioner" and because his opinion was "not consistent with the medical reports from Neurology Child & Adult." (R. 17.)  The ALJ is correct that the Commissioner is "responsible for making the determination or decision about whether [the claimant] meet[s] the statutory definition of disability."  20 C.F.R. §

404.1527.  Thus, the ALJ was correct to disregard the part of Dr. Chalhub's opinion which attempted to make this determination.  *See id.*  The ALJ's finding that Dr. Chalhub's opinion was inconsistent with the records and objective tests submitted by his own medical practice accords with the requirements of *Phillips*.  357 F.3d at 1241 *compare* R. 17.  This constitutes "good cause" necessary for discounting the opinion of a treating physician.  *Phillips*, 357 F.3d at 1240 *citing Lewis*, 125 F.3d at 1440.  Thus, the ALJ's determination does not violate the stipulations of *Thompson v. Barnhart* (493 F. Supp. 2d 1206, 1214-15 (S.D. Ala. 2007)), which reiterates the *Phillips* requirements.  The evaluation of Dr. Chalhub's opinion as inconsistent with the objective tests also considers the opinion's "supportability" and "consistency," as appropriate to 20 C.F.R. § 404.1527(c)(3) and (4).  Where the ALJ's evaluation of the treating physician's opinion is consistent with Eleventh Circuit precedent and appropriate regulations, this Court cannot "decid[e] the facts anew or re-weigh[] the evidence." *Davison*, 370 Fed. App'x at 996. Accordingly, the undersigned recommends this assignment of error be overruled.

**II.  The ALJ erred in failing to rely on the opinion of a physician, either treating or examining, in making the RFC determination.**

In determining Plaintiff's RFC, the ALJ relied on several opinions and objective tests.  (R. 15-17.)  The ALJ correctly considered the opinion of the treating physician, Dr. Chalhub, as stated above.  The questionnaire (discussed above) consisted

primarily of check-box questions and was provided to Dr. Chalhub by Plaintiff's counsel.  (R. 343-45.)  Beyond this form, Dr. Chalhub did not provide any assessment of Plaintiff's residual functional capacity.  The ALJ also considered objective tests submitted by Dr. Chalhub, including normal findings from an EEG, a tilt test, and an MRI.  (R. 16-17.)

The ALJ also "g[a]ve consideration" to the findings of Nina Tocci, Ph.D., a consultative examining psychologist.  (R. 16.)  The ALJ noted her findings regarding Plaintiff's ADHD, PTSD, and other health factors.  (*Id.*)  The ALJ considered Dr. Tocci's global assessment of functioning (GAF) finding of 65 as to the Plaintiff, indicating mild symptoms without supporting a finding of disability.  (*Id.*)  The ALJ gave "little weight" to Dr. Tocci's determination that the Plaintiff might never be capable of making a living wage.  (*Id.*)  As stated above, disability determination is reserved to the Commissioner.  20 C.F.R. § 404.1527.

In making the RFC determination, the ALJ also gave "significant weight" to the opinion of the medical expert, Sydney H. Garner, Psy.D., a consultative expert who was familiar with Plaintiff's records and who testified at the second hearing before the ALJ, but who did not examine the Plaintiff.  (R. 15-16, 47.)  Finally, the ALJ gave "significant weight" to the opinion of Donald E. Hinton, Ph.D., a non-examining psychological consultant during the initial disability determination.  (R. 17, 56-77.)  The ALJ refers to Dr. Hinton as a

physician.  (R. 14.)  There is no indication in the record that Dr. Hinton is a physician.  A physician is either a medical doctor (M.D.) or an osteopathic doctor (D.O.) (20 C.F.R. § 404.1513) and there is no indication that Dr. Hinton is either of these.  Since the records show that Dr. Hinton possesses a Ph.D. (R. 66, 77), the undersigned concludes that he is a psychologist.  A psychologist (here, both Dr. Garner and Dr. Hinton) is an acceptable medical source "for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning only . . ."  20 C.F.R. § 404.1513.

Plaintiff contends that the ALJ's consideration of these sources in making the RFC determination violates precedent set in *Dillard v. Astrue*, 834 F. Supp. 2d 1325, 1332 (S.D. Ala. 2011).  (Doc. 12 at 2.)  *Dillard* reiterates that "the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity."  834 F. Supp. 2d at 1332 *citing Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  *Dillard* goes on to state that

> the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the residual functional capacity assessment of a non-examining, reviewing physician; instead, this fifth-step burden must be supported by the residual functional capacity (and pain) assessment of a treating or examining physician . . . [S]ubstantial evidence in support of [an] RFC determination necessarily must include an RFC assessment by a treating or examining physician.

834 F. Supp. 2d at 1332 *citing Cosey v. Astrue*, 2008 WL 2561585, *3

(S.D. Ala. June 25, 2008).

Dr. Garner and Dr. Hinton were both non-examining consultative experts, and thus their opinions do not constitute "substantial evidence" for the RFC determination under *Dillard*. *See* 834 F. Supp. 2d at 1332. There is an evaluation on record from Dr. Tocci (R. 264-66.) to which the ALJ gave "little weight." (R. 16.) The opinion of an examining psychologist is not an acceptable medical source for physical RFC determinations. *See* 20 C.F.R. § 404.1513. The ALJ makes findings in the RFC determination as to the physical abilities of the Plaintiff, including his ability to lift, carry, push, pull, stand, and walk. (R. 14-15.) The only examining or treating expert that can support these findings is the treating physician, Dr. Chalhub. *See* 20 C.F.R. § 404.1513 *and Dillard*, 834 F. Supp. 2d at 1332. The ALJ gave "little weight" to his opinion generally (R. 17) and Dr. Chalhub did not make any RFC assessment, especially of Plaintiff's physical abilities. (*See* R. 343-45.) Thus, the ALJ has not properly considered the opinion of an examining or treating physician in making the RFC determination. *See Dillard*, 834 F. Supp. 2d at 1332. Without such evidence, the ALJ's determination is "mere conjecture and intuition . . . regarding what [P]laintiff's impairments equate to in terms of []ability to perform/meet the physical requirements of work . . ." *See id.* at 1333. Accordingly, the undersigned recommends that this assignment of error be sustained. If remanded, the ALJ's RFC determination "must be supported by the

residual functional capacity (and pain) assessment of a treating or examining physician . . ." *Id.* at 1332.

CONCLUSION

Plaintiff has requested that this case be reversed and the Plaintiff found disabled, while alternatively requesting that the case be remanded to the ALJ "for a proper evaluation under the Social Security Regulations." (Doc. 12 at 7-8.) Generally, remand to the Commissioner "is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). This Court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id. See also Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) ("The credibility of witnesses is for the Secretary to determine, not the courts . . . The decision of the Secretary here, however, rests not so much on the credibility of the 'history of pain' presented by Carnes, as on the adoption of a legal standard improper under Listing 10.10(A). []The record in this case is fully developed and there is no need to remand for additional evidence. Based on the facts adduced below and after application of the proper legal standard, we hold that claimant met the requirements of Listing 10.10(A) as early as 1982."). Here, however, reversal is based on the Commissioner's failure to adequately support the RFC determination.  It is not clear

13

that the cumulative effect of the evidence establishes disability without any doubt.[2] Thus, the undersigned recommends reversing and remanding this action to the Commissioner for further proceedings.

After careful consideration of the record, and for the reasons stated herein above, it is recommended that the Commissioner's decision denying Plaintiff's applications for benefits be reversed and remanded under sentence four of 42 U.S.C. § 405(g) (*see Melkonyan v. Sullivan*, 501 U.S. 89 (1991)) for further proceedings consistent with this report and recommendation.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under

---

[2] *Cf. Hildebrand v. Comm'r of Soc. Sec.*, No. 6:11-CV-1012-ORL-31, 2012 WL 1854238, at *7 (M.D. Fla. May 4, 2012) ("The errors noted here compel a return of the case to the Commissioner to evaluate the evidence and make findings in the first instance. For the reasons set forth above, the Court finds that certain of the conclusions of the ALJ were not made in accordance with proper legal standards and are not supported by substantial evidence. The Court does not find that only one conclusion can be drawn from the evidence; but that the conclusion that was drawn did not meet the standard of review. Under such a circumstance, it would not be appropriate for this Court to substitute its opinion of the weight to be given the evidence for that of the Commissioner. While the Court has the power to do just that in an appropriate case, the Court finds this is not such a case."), *report and recommendation adopted,* No. 6:11-CV-1012-ORL-31, 2012 WL 1854249 (M.D. Fla. May 21, 2012).

14

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE and ORDERED this the 22nd day of December 2016.

/s/ Bert W. Milling, Jr.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE