IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION 16-0198-CG-M |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After due and proper consideration of the issues raised, and there having been no objections filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated December 22, 2016 is adopted as the opinion of this Court.

It is **ORDERED** that the Commissioner's December 24, 2014 final decision denying Plaintiff's applications for disability benefits be **REVERSED** and **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) (*see Melkonyan v. Sullivan*, 501 U.S. 89 (1991)) for further proceedings consistent with this memorandum opinion.  This remand under sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412 (*see Shalala v. Schaefer*, 509 U.S. 292 (1993)), and terminates this Court's jurisdiction over this matter.

Should Plaintiff succeed on his applications for benefits following remand, under Fed. R. Civ. P. 54(d)(2)(B), the Court hereby grants Plaintiff's counsel an

extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty-five days after the date of the notice of award of benefits from the SSA. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (*per curiam*) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (*per curiam*) (*unpublished*) ("In Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

Final judgment shall issue separately in accordance with this Order and Fed. R. Civ. P. 58.

**DONE and ORDERED** this 6th day of January, 2017.

/s/  Callie V. S. Granade  
SENIOR UNITED STATES DISTRICT JUDGE